UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARY PERRY**, **PLAINTIFF,** | § § § | |
| **V.** | § § § | **CIVIL ACTION NO.** |
| **TEXAS CHILDREN'S HOSPITAL DEFENDANT.** | § § § | **JURY TRIAL DEMANDED** |

## COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

COMES NOW the plaintiff, Mary Perry, hereby files this lawsuit against Texas Children's Hospital (hereinafter "TCH") for discharging her in violation of the Family Medical Leave Act. In support of which would show the following:

### Parties and Jurisdictions

I.  Plaintiff asserts her claims pursuant to 29 U.S.C. 2615; therefore, this Court has subject matter jurisdiction over this suit in accordance with 28 USC § 1331 as this matter is a federal question.

2.  The plaintiff, Mary Perry, is an adult resident of Harris County, Texas, now and at the time of her employment with the TCH. She is a former employee of TCH.

3.  The defendant, TCH, is a Texas corporation doing business in Houston, Texas. The defendant is an employer, as that term is defined under the 1993 Family and Medical Leave Act.

### Facts

4. The plaintiff was hired by TCH on September 6th, 2022, to work as a radiology technician at their location in Houston.

5. After one year, the plaintiff became an eligible employee, as that term is defined under the Family and Medical Leave Act (FMLA).

6. On September 7th, 2023, Ms. Perry requested upcoming FMLA leave to care for her 16-year-old daughter, who was experiencing significant heart-related health events. The necessity to care for her daughter entitled Ms. Perry to leave under 29 U.S.C. 2612(a)(1)(C)

7. On September 14th, 2023, Ms. Perry submitted medical documentation of the conditions her daughter was undergoing, the necessity for Ms. Perry to miss work to take her daughter in for care, and the ongoing nature of the condition.

8. TCH denied Ms. Perry's initial request for leave, and she was forced to resubmit documentation, which she did on 10/26/2023. This request was still pending approval. On 11/4/2023, Ms. Perry was terminated for excessive absences. Four days after her termination, she got notice that her FMLA leave had been approved.

9. Prior to her eligibility for FMLA leave, Ms. Perry was forced to miss work to care for her daughter's ongoing health crisis.

10. TCH has a policy that permits termination after eight absences within a 12-month rolling period. On 8/14/2023, Ms. Perry received a final written counseling about missing work, instructing her that any more absences would result in her termination, given that she had already accrued.

11. On 09/03/2023, Ms. Perry was again absent from work prior to her FMLA eligibility. No action was taken to terminate her employment because of this violation.

12. After Ms. Perry requested intermittent FMLA on 09/06/2023, she was absent from work five more times for her daughter's medical condition. It was not until 11/04/2023 that she was terminated for her absences.

13. On 09/28/2023, Ms. Perry's supervisor, Ms. Bridgette Johnson, told her to stop missing work or be terminated. When Ms. Perry asked what she should do if her daughter needed hospitalization or care, Ms. Johnson told Ms. Perry to tell her daughter not to get sick.

14. When Ms. Perry's absences to care for her daughter continued, as is protected under the FMLA, TCH terminated Ms. Perry's employment and refused to reinstate her.

15. The plaintiff had done all the things necessary on her part to apply for FMLA leave.

16. The information submitted by and on behalf of the plaintiff was sufficient to trigger TCH's duty under the FMLA to designate her leave as FMLA leave. Hence, she was entitled to take up to 12 weeks of unpaid leave and be reinstated to his position upon her return from leave.

17. TCH had an opportunity to terminate Ms. Perry for her work absences accrued prior to her FMLA leave eligibility. But TCH declined to act based on those absences on 8/14/2022 when, instead of terminating her as their policy permits, they gave her a final written warning. Again, on 09/03/2022, Ms. Perry was absent in violation of the final written warning and TCH policy, and TCH declined to terminate her.

18. TCH only terminated Ms. Perry almost two months after she became eligible for FMLA leave, applied for FMLA leave, and began exercising her rights under the FMLA leave.

## Violations of Law

19. The defendant's termination of the plaintiff was based on her having taken FMLA.

20. TCH interfered with the plaintiff's right to take FMLA leave and to be reinstated.

21. TCH's discharge of Ms. Perry was a willful and wanton violation of her right to leave under the FMLA.

## Damages

22. Because of this termination, Ms. Perry has been unable to find a job. This is because her daughter continues to need care, and at any new job, she would not be able to take FMLA leave until she had been employed for at least one year.

23. Because of this termination, Ms. Perry has been saddled with substantial additional medical costs. When she was terminated, she lost health care insurance when she was on the precipice of a major heart procedure for her daughter.

## Requested Relief

24. The plaintiff is entitled to back pay, the value of her benefits, front pay until she can find employment, liquidated (double) damages, and legal fees.

Respectfully Submitted,

Franzoni, Nelson, & Robinett, PLLC

By: _____
Erik Nelson
Texas Bar No. 24069015
Federal Court No. 3633010
erik@fnr.law
25329 Budde Road, Ste. 704
The Woodlands, Texas 77380
Telephone: (281) 459-0701
Facsimile: (888) 861-1304

*Attorney for Plaintiff*